Argued and submitted on March 24, affirmed April 16, 2008

In the Matter of R. T. R., Jr.,
a Minor Child.

STATE ex rel DEPARTMENT OF HUMAN SERVICES,
*Respondent,*

*v.*

T. D. H.,
*Appellant.*

Lane County Circuit Court
05579J
Petition Number 05579J02
A137242

183 P3d 205

Scott W. Lee filed the brief for appellant.

Justice J. Rillera, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Wollheim, Presiding Judge, and Brewer, Chief Judge, and Riggs, Senior Judge.

PER CURIAM

## PER CURIAM

■ Mother, a member of the Cherokee Nation of Tahlequah, Oklahoma, appeals a judgment terminating her parental rights to her child R. Mother argues that the state failed to prove beyond a reasonable doubt that her parental rights should be terminated. ORS 419B.521(4); 25 USC § 1912.[1] We write only to address mother's argument that the trial court erred in finding "that [m]other's consumption of methamphetamine during pregnancy was a basis for the termination of [m]other's parental rights."

■■ In its petition to terminate mother's parental rights, the state alleged, among other things, that mother was unfit to parent R by reason of "[c]onduct toward a child, of a cruel or abusive nature by consumption of methamphetamine during pregnancy." The trial court found that the state had proved that allegation beyond a reasonable doubt. On appeal, mother argues that "there was no presentation of any evidence that [her] prenatal use was seriously detrimental to R[,]" and the state concedes that the record does not support termination on the ground that mother used methamphetamine during her pregnancy. We agree with the state's concession. The fact that a mother engaged in drug use during pregnancy, standing alone, is not a sufficient basis for termination of parental rights. *State ex rel Dept. of Human Services v. Simmons*, 342 Or 76, 96, 149 P3d 1124 (2006) ("[A] parent's fitness must be measured *at the time of the parental rights termination trial*.") (emphasis in original); *cf. State ex rel Dept. of Human Services v. L. S.*, 211 Or App 221, 240-41, 154 P3d 148 (2007) (although drug use during pregnancy exposed child to risk of harm, evidence was insufficient to demonstrate that mother was unfit at the time of trial).

Nevertheless, the trial court's finding that mother used methamphetamine during her pregnancy was only one of the bases on which it terminated mother's parental rights. The trial court found that mother had engaged in other conduct and suffered from other conditions that were seriously

---

[1] Because mother and R are members of the Cherokee Nation, the state's burden of proof is governed by the Indian Child Welfare Act, 25 USC §§ 1901 to 1963.

detrimental to R and were unlikely to change, thereby making it improbable that R could be integrated into mother's home within a reasonable time. A discussion of the facts and legal issues relevant to those additional and independent bases for termination and mother's other assignments of error would not benefit the bench, bar, or public, and we therefore affirm the trial court judgment without further discussion.

Affirmed.